E-FILED
Tuesday, 29 July, 2014 10:39:03 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TERRY C. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13-CV-3227 |
| | ) | |
| ABDI TINWALLA, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

Plaintiff, proceeding pro se from his detention in the Rushville Treatment and Detention Center, pursues a claim that Dr. Tinwalla prescribed psychotropic medicine to Plaintiff despite knowing that Plaintiff had withdrawn his consent for that medicine. Plaintiff alleges that Dr. Tinwalla's actions amounted to the administration of psychotropic medicine to Plaintiff without Plaintiff's knowledge and consent.

This case is in the process of discovery. Judge Myerscough has referred the motions filed during discovery to the undersigned.

Judge Myerscough will be ruling on the dispositive motions, and, if necessary, presiding over the trial.

Several motions are pending, which the Court addresses in turn below.

**IT IS ORDERED:**

1) Defendant's first motion to compel (d/e 15) is stricken because Defendant asks that it be withdrawn (d/e 20, para. 8). The clerk is directed to strike motion 15.

2) Defendant's supplemental motion to compel is granted in part (d/e 20). Defendant seeks to compel Plaintiff to sign an authorization allowing the disclosure of all of Plaintiff's medical and mental health records compiled by the Department of Human Services.

Federal Rule of Civil Procedure 26(b)(1) provides that the "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence."

Plaintiff's claims that he was prescribed psychotropic medicine without his consent or knowledge. Plaintiff's medical and mental health records, including his psychiatric evaluations, behavioral reports, discharge records, consultations, and labs, could contain relevant information regarding Plaintiff's need for the psychotropic medication and relevant information regarding whether Plaintiff posed a danger to himself or others on or around June 23, 2013. Defendant will not be able to determine which, if any, of these records is relevant until Defendant has an opportunity to review the records. The records are not privileged because Plaintiff's claim puts his psychological state squarely at issue. *See* <u>Doe v. Oberweis Dairy</u>, 456 F.3d 704 (7th Cir. 2006)(psychotherapist-patient privilege did not apply where the plaintiff put psychological state at issue by claiming emotional damages). However, if Defendant relies on Plaintiff's mental health records, those records should be filed under seal.

Defendant's request does not contain a date range. The issue in this case is Plaintiff's condition on or around June 23, 2013. One year of Plaintiff's records—from January 1, 2013 to December

31, 2013—should suffice to capture possibly relevant and admissible information.

    3)    By July 31, 2014, Defendant shall provide to Plaintiff a revised authorization specifying a date range from January 1, 2013 to December 31, 2013. If Plaintiff refuses to sign and return to Defense counsel this authorization within 14 days of receipt, then Defendant may renew his motion to compel.

    4)    Defendant's motion for an order authorizing the Department of Human Services to release certain records is granted (d/e 16), except that the order is limited to the same time frame as the disclosure of Plaintiff's medical and mental health records. The Illinois Department of Human Services and the Rushville Treatment and Detention Center are directed to release to Defendant's counsel, Douglass Bitner, the following records: Plaintiff Terry Johnson's grievance records, incident reports, and disciplinary records from January 1, 2013, to December 31, 2013.

    5)    Plaintiff's motion to compel (d/e 21) is granted as follows below.

6) By August 19, 2014, Defendant is directed to answer the following requests to admit:

    1) On June 23, 2013, Defendant Tinwalla prescribed psychotropic medicine to Plaintiff without Plaintiff's consent or knowledge.

    2) On June 23, 2013, Defendant Tinwalla prescribed psychotropic medicine to Plaintiff, despite knowing that Plaintiff had withdrawn his consent to take the psychotropic medicine.

    3) Defendant did not provide Plaintiff with written notice that Defendant had, on or around June 23, 2013, prescribed psychotropic medicine to Plaintiff.

7) By August 19, 2014, Defendant is directed to produce any documents setting forth the procedures for the administration of psychotropic medicine to a resident at the Rushville Treatment and Detention Center with or without that resident's consent.

8) By August 19, 2014, Defendant is directed to answer the following interrogatory: Why did you prescribe Plaintiff psychotropic medicine after Plaintiff withdrew his consent to receive said medicine?

9) By August 19, 2014, Defendant is directed to provide any documents discussing whether Plaintiff posed a risk of harm

to himself or others on or around June 23, 2013, including but not limited to any treatment notes and emails.

10) Plaintiff's second motion to compel is denied as moot (d/e 28). Defendant has mailed his responses to Plaintiff.

11) Plaintiff's motion to strike Defendant's response to Plaintiff's motion to compel is denied (24). The Court sees no legal basis for striking the response.

12) Plaintiff's motion for sanctions is denied (31). The Court sees no legal basis for assessing sanctions against Defendant.

13) Defendant Tinwalla's motion to extend his deadline for answering Plaintiff's second set of interrogatories is granted (33). The requested extension has passed.

14) Defendant's motion for sanctions for Plaintiff's failure to appear at his deposition on April 8, 2014, is denied (34). Plaintiff asserts that officers did not offer to escort him to the deposition or mention the deposition to Plaintiff on April 8, 2014. Plaintiff also asserts that he was drowsy from taking Doxepin on April 8, 2014, which had been prescribed to help him cope with his grandmother's death. If Defendant's counsel has difficulty

obtaining Plaintiff's presence at the next attempt to depose Plaintiff, counsel may phone the Court. Plaintiff is warned that the failure to appear at his deposition may result in dismissal of this case, with prejudice.

15) Plaintiff's motion for an extension (36) and motion for a subpoena (37) are denied as moot. Those motions relate to Defendant's motion for sanctions, which has been denied.

16) Defendant's motion to stay the case until a ruling on the motion for sanctions is denied as moot (38).

17) Discovery closes September 30, 2014.

18) Dispositive motions are due October 31, 2014.


ENTERED: July 29, 2014

FOR THE COURT: *s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
U.S. MAGISTRATE JUDGE