UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| TERRY C. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    13-3227 |
| | ) |
| ABDI TINWALLA, *et al.* | ) |
| | ) |
| Defendant. | ) |

### SUMMARY JUDGMENT OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and civilly committed at Rushville Treatment and Detention Facility, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging Fourteenth Amendment Due Process violations and a state law claim for intentional infliction of emotional distress related to the prescription and administration of psychotropic medications. The matter comes before the Court for ruling on the parties' respective motions for summary judgment. (Docs. 70, 75).

### LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. Ogden v. Atterholt, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## FACTS

Plaintiff is civilly committed at Rushville Treatment and Detention Facility ("Rushville" or "TDF") pursuant to the Illinois Sexually Violent Persons Commitment Act. Defendant Tinwalla is a psychiatrist at the facility and the sole defendant in this action. On June 23, 2013, Plaintiff met with Defendant at Plaintiff's request because of psychiatric issues Plaintiff was experiencing.

As a result of this meeting, Defendant's medical opinion was that Plaintiff would benefit from the antipsychotic medication Risperdal.  Plaintiff initially signed the consent form for Risperdal, but quickly scratched out his signature because Defendant mentioned the possibility of forced medication.  A notation on the consent form under Plaintiff's scratched-out signature reads "Refused consent after signing it."  Plaintiff left Defendant's office shortly thereafter.

Unbeknownst to Plaintiff, Defendant wrote Plaintiff a Risperdal prescription in the dosage of one milligram (1 mg) per day, as Defendant believed that the availability of the medication would be beneficial.  According to Defendant, this was not an order for the forced administration of psychotropic drugs, only an order that made the medication available to Plaintiff should he choose to take it.  Plaintiff took the medication with his other prescribed medication on a daily basis from June 23, 2013, until August 4, 2013, when Plaintiff was notified that failure to attend psychiatric appointments would result in discontinuation of his prescription for Risperdal.  Plaintiff states he was not aware that he was taking Risperdal prior to this notification.

Plaintiff did not request an explanation of the medications he was administered by Rushville staff during this time period though nothing prevented him from doing so.  Plaintiff filed this lawsuit three days after learning he had been taking Risperdal.

## ANALYSIS

### I.    Fourteenth Amendment Due Process Claims

Plaintiff "possesses a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." Washington v. Harper, 494 U.S. 210, 221-22 (1990).  Psychotropic drugs alter the chemical balance in one's brain and can have serious, sometimes fatal, side effects.  Id. at 229-30.  Plaintiff's liberty interest, however, is not absolute and must be balanced against relevant state interests to determine whether Defendant Tinwalla violated Plaintiff's rights.  Youngberg v. Romeo, 457 U.S. 307, 321 (1982).

The Due Process Clause of the Fourteenth Amendment "permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest...." Harper, 494 U.S. at 227.  Like prison

officials, TDF officials have a vital interest in ensuring the safety of staff and residents, including the safety of the resident sought to be medicated. For this reason, and the well-established principle that those involuntarily committed are entitled to at least the same level of constitutional protection as those serving prison sentences, <u>Youngberg</u>, 457 U.S. at 321-22, Plaintiff is entitled to the same constitutional protections.

States may also provide greater protections than those conferred under the federal constitution. Chapter 59, Section 299.330(d)(1) of the Illinois Administrative Code reads in relevant part:

> 1) Administration of Psychotropic Medication
>
>    A) Psychotropic medication shall not be administered to any resident against his or her will or without the consent of the parent or guardian of a minor who is under the age of 18, unless:
>
>       i) A psychiatrist, or in the absence of a psychiatrist a physician, has determined that: the resident suffers from a mental illness or mental disorder; and the medication is in the medical interest of the resident; and the resident is either gravely disabled or poses a likelihood of serious harm to self or others; and

> ii) The administration of such medication has been approved by the Treatment Review Committee after a hearing …. However, no such approval or hearing shall be required when the medication is administered in an emergency situation….

59 ILL. ADMIN. CODE § 299.330(d)(1).  By the use of mandatory language ("shall not"), Illinois created a protected liberty interest against the arbitrary administration of psychotropic medication for those individuals involuntarily committed pursuant to the Sexually Violent Persons Commitment Act.  See Harper, 494 U.S. at 221 (mandatory preconditions "create[] a justifiable expectation on the part of the [incarcerated person] that the [psychotropic] drugs will not be administered unless those conditions exist."); Sandin v. Conner, 515 U.S. 472, 483-84 (1995) (states may create a protected liberty interest related to the involuntary administration of psychotropic drugs).  Therefore, Plaintiff was entitled to the procedural protections outlined in Section 229.330 before psychotropic medication was administered against his will.

Plaintiff's due process claim consists of two components:  (1) a substantive due process claim based upon Defendant Tinwalla's decision to prescribe Risperdal; and, (2) a procedural due process

claim for Defendant Tinwalla's failure to follow the administrative procedures once Plaintiff withdrew his consent to take Risperdal. The Court addresses each in turn.

### A.   Substantive Due Process

Plaintiff can succeed on his substantive due process claim only if he can show that Defendant Tinwalla's decision to prescribe Risperdal was "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Youngberg, 457 U.S. at 323.  Decisions made by professionals are presumptively valid.  Id.

On June 23, 2013, Plaintiff reported to Defendant Tinwalla that he (Plaintiff) was experiencing increased irritability, and that he wanted to assault a staff member.  Tinwalla Aff. ¶ 5.  Plaintiff also reported that at times he felt hopeless.  Id.  In addition, Plaintiff's medical records showed a history of erratic and aggressive behavior. Id. ¶ 8.  Based on this information, Defendant Tinwalla discussed with Plaintiff the benefits and risks of mood-stabilizing medication, and later prescribed Risperdal.

On these facts, a reasonable juror could not conclude that Defendant Tinwalla's decision to prescribe the medication was outside the bounds of professional judgment. Therefore, Defendant Tinwalla is entitled to judgment as a matter of law on Plaintiff's substantive due process claim.

### B.    Procedural Due Process Claims

Defendant argues that because Plaintiff retained the ability to refuse the Risperdal that the administration of the medication was not "forced" within the purview of the administrative rule and the Fourteenth Amendment. While not specifically stated, Defendant's argument draws a distinction between authorizing Plaintiff's access to the medication (prescription) and its actual ingestion (administration). In other words, absent an order requiring that the drugs be administered to Plaintiff against his will, the prescription itself does not trigger the procedural protections outlined in the rule. The Court agrees.

"[P]rocedural protections must be examined in terms of the substantive rights at stake." Harper, 494 U.S. at 220. "The procedural issue concerns the minimum procedures required by the Constitution for determining that the individual's liberty interest

actually is outweighed in a particular instance." Id. (citations omitted).

As far as the decision to prescribe the medication, Plaintiff was entitled only to those protections described above: that Defendant exercise professional judgment in determining whether Risperdal was appropriate given Plaintiff's mental health situation. The plain language of Section 299.330 confers no greater right to Plaintiff in this respect. The rule concerns the manner in which the medication is ingested. See 59 ILL. ADMIN. CODE § 299.330(d)(1) ("Psychotropic medication shall not be *administered* ... against his or her will." (emphasis added)); see also Harper, 494 U.S. at 221-22 (liberty interest resides in the "unwanted *administration* of antipsychotic drugs" (emphasis added)).

Defendant did not order that the medication be administered against Plaintiff's will, nor did any Rushville official administer the medication by force. Thus, Defendant never infringed upon Plaintiff's right to refuse the medication. At worst, Defendant metaphorically unlocked the doors to the medicine cabinet and left the room. While his failure to notify the Plaintiff may have been negligent, negligent conduct does not implicate due process

concerns. See Daniels v. Williams, 474 U.S. 327, 333 (1986) (state officials lack of due care does not trigger the protections of the Fourteenth Amendment).

Therefore, the Court finds that no reasonable juror could conclude that Plaintiff's procedural due process rights were violated.

## II.   State Law Claim for Intentional Infliction of Emotional Distress

Plaintiff also alleges a state law claim for Intentional Infliction of Emotional Distress. The Court exercised supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367(b). To prevail, Plaintiff must show (1) that the conduct involved was truly "extreme and outrageous"; (2) that Defendant Tinwalla intended that his conduct would cause severe emotional distress, or knew that there was a high probability that it would; and, (3) the conduct did, in fact, cause severe emotional distress. McGrath v. Fahey, 533 N.E.2d 806, 809 (Ill. 1988). Conduct is extreme and outrageous only if "the conduct has been so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency." Public Finance Corp. v. Davis, 360 N.E.2d

765, 767 (1976). "The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it." McGrath, 533 N.E.2d at 809.

No reasonable juror could conclude that Defendant Tinwalla intentionally caused Plaintiff severe emotional distress. As discussed above, Defendant Tinwalla made a professional judgment based upon Plaintiff's then-current mental state and medical history that Plaintiff would benefit from the psychotropic drugs. There is no evidence in the record that Defendant Tinwalla did so for any reason other than for Plaintiff's benefit, much less that Defendant Tinwalla knew that writing the prescription would cause, or have a high probability of causing, emotional distress. Therefore, Defendant Tinwalla is entitled to judgment as a matter of law on Plaintiff's claim for Intentional Infliction of Emotional Distress.

**IT IS THEREFORE ORDERED that:**

> **1) Defendant's Motion for Summary Judgment [70] is GRANTED. Plaintiff's Motion for Summary Judgment [75] is DENIED. The clerk of court is directed to enter judgment in favor of the Defendant and against Plaintiff. All pending motions are denied as moot. This case is terminated with the parties to bear their own costs.**

2) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis MUST identify the issues the Plaintiff will present on appeal to assist the court in determining whether the appeal is taken in good faith. See Fed. R. App. P. 24(a)(1)(c); see also Celske v. Edwards, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith."); Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose…has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

ENTERED:     September 28, 2015

FOR THE COURT:

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
