E-FILED
Tuesday, 05 September, 2017 05:19:38 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS SPRINGFIELD DIVISION

| | |
|---|---|
| TERRY C. JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 13-3227 |
| ABDI TINWALLA, | ) |
| Defendant. | ) |

## OPINION

## AND NOTICE TO SHOW CAUSE

TOM SCHANZLE-HASKINS, U.S. Magistrate Judge:

This matter comes before the Court on Defendant Abdi Tinwalla's Motion to Cancel Settlement Conference (d/e 115) (Motion). The District Court referred this matter to this Court for a settlement conference. Text Order entered June 1, 2017. This Court ordered the parties to participate in a settlement conference on September 7, 2017. In preparation for that settlement conference, this Court directed the parties to submit statements "describing prior negotiations, including demands, offers, and counter-offers that have been made and rejected and identify any particular circumstances which may have impeded settlement efforts." This Court directed that the statements "should not be filed with the Court or submitted to opposing counsel but submitted directly to Judge Schanzle-Haskins on

or before the close of business on August 31, 2017." Text Order entered July 3, 2017.

Defendant Tinwalla did not submit the required statement to this Court on August 31, 2017. Instead, counsel for Tinwalla sent an email on August 31, 2017 at 1:40 p.m. to the Court's law clerk and opposing counsel stating that he was going to file a motion to cancel the hearing. The law firm representing Tinwalla recently reassigned his representation to a different attorney. The new attorney stated in the email that "having conferred with my client and now being up to speed on the file since recently taking it over, I'm going to be moving to cancel this conference currently set for September 7 at 9:30. I apologize for the late notice. Thanks." A copy of the email is attached.

No motion to cancel was filed on August 31, 2017. At the close of business at 4:59 p.m. on August 31, 2017, counsel for Plaintiff Terry Johnson submitted his confidential statement as required by this Court's July 3 Text Order.

On September 1, 2017, the day after confidential statements were due, Tinwalla filed this Motion. The Motion states "Defendant does not wish to participate in settlement discussions and has no authority to do so." Motion, ¶ 2. The Motion further states that Tinwalla's counsel "regrets the

timing of this request for cancellation being a week prior to the conference." Id. ¶ 3.

Johnson filed a timely response to the Motion. Johnson stated that his pro bono counsel had already purchased discounted non-refundable airfare to fly to Springfield, Illinois, and discounted non-refundable hotel reservations for two persons to attend the conference. The airfare and hotel reservations totaled $801.83. Johnson stated that he was ready to attend the conference and settle the case on appropriate terms. Johnson requested that if the Court granted the Motion that the Court also order Tinwalla to pay Johnson's counsel the $801.83 for the airfare and hotel reservations. Response to Motion to Cancel Settlement Conference (d/e 117) (Response), ¶¶ 1-4.

Upon careful review of the Motion and the Response, the Court allows the Motion. Tinwalla is not interested in settlement and lacks authority to settle. A conference would be futile under these circumstances.

The Court, however, orders Tinwalla and his counsel to show cause why either or both of them should not be ordered to pay Johnson's counsel the cost of the non-refundable airfare and hotel in the sum of $801.83, and

the attorney fees incurred to prepare the Johnson's confidential settlement statement and responding to the Motion.

Tinwalla's email notice was inadequate and inappropriate under the circumstances. Tinwalla's counsel sent the notice at 1:40 p.m. central daylight time on August 31, 2017, the day the confidential statements were due. Three months earlier, on June 1, 2017, Tinwalla and his counsel knew that the District Court referred the matter for settlement conference. Almost two months earlier, on July 3, 2017, the Court ordered Tinwalla to participate in the settlement conference on September 7, 2017. Waiting to send the notice until the afternoon of the due date for the required confidential settlement statements was just too late.

The inadequate and inappropriate notice imposed significant costs on Johnson's pro bono counsel. Johnson's counsel is located in New York. His counsel, therefore, received the notice at 3:40 pm eastern daylight time on the day that confidential settlement statements were due, and just a week before the scheduled conference. By 3:40 p.m. on August 31, 2017, Johnson's counsel had paid for non-refundable discounted airfare and hotel reservations and had surely spent considerable time preparing the confidential statement that was due that day.

Moreover, Tinwalla's counsel neither filed the promised motion on August 31, nor submitted the confidential settlement statement when due.[1] With no promised motion on file, Johnson's counsel properly submitted the statement to this Court at the close of business on August 31.

Tinwalla and his counsel should be required to show cause why either or both of them should not be required to pay Johnson's counsel both the $801.83 in non-refundable airfare and hotel reservations, and the attorney fees incurred to prepare the confidential settlement statement submitted to this Court pursuant to the July 3, 2017 Text Order and to respond to the Motion. Tinwalla and his counsel should make this showing to the District Court because the District Court has the inherent authority to require parties to pay such costs after notice and opportunity to be heard. See United States v. 1948 South Martin Luther King Dr., 270 F.3d 1102, 1115-1116 (7th Cir. 2001); cf. 28 U.S.C. § 636 (limited authority of the U.S. Magistrate Judge).

THEREFORE, Motion to Cancel Settlement Conference (d/e 115) is ALLOWED. The settlement conference set for September 7, 2017 is CANCELED. Plaintiff Terry Johnson's counsel is directed to file by September 26, 2017, documentation establishing the $801.83 in non-

---

[1] Furthermore, He thereby violated the July 3, 2017 Text Order.

refundable airfare and hotel reservations incurred to attend the now canceled settlement conference, and the attorney fees incurred in preparing the confidential settlement statement filed with the Court pursuant to the July 3, 2017 Text Order and the attorney fees incurred to respond to the Motion. Defendant Abdi Tinwalla and his counsel are directed to show cause in writing by October 17, 2017 why either or both of them should not be ordered to pay the $801.83 and the said attorney fees. Plaintiff Johnson may file a reply by October 27, 2017.

ENTER: September 5, 2017

                              **s/ Tom Schanzle-Haskins**
                              UNITED STATES MAGISTRATE JUDGE