UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TERRY C. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13-3227 |
| | ) | |
| ABDI TINWALLA, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## SUMMARY JUDGMENT OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

The Seventh Circuit Court of Appeals reversed the Court's grant of summary judgment in Defendant's favor and remanded the case. See Johnson v. Tinwalla, 855 F.3d 747 (2017). The Court subsequently appointed counsel for Plaintiff and reopened discovery to allow Plaintiff's counsel an opportunity to further investigate the claims in this case. The matter is before the Court for ruling on Plaintiff's Motion for Partial Summary Judgment on Liability. (Doc. 127). The motion is denied.

**PLAINTIFF'S MOTION TO CORRECT HIS REPLY (DOC. 138)**

Plaintiff filed a motion seeking to refile a corrected version of his reply to Defendant's response to his motion for summary

judgment. The motion is granted. The Court will consider Plaintiff's corrected reply for purposes of this ruling.

## LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. Ogden v. Atterholt, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## FACTS

Plaintiff is civilly committed at Rushville Treatment and Detention Facility ("Rushville" or "TDF"), a secure residential treatment center operated by the Illinois Department of Human Services ("IDHS"). UMF 1, 2. Defendant is a psychiatrist employed by Wexford Health Services, a private company contracted to provide health services at Rushville. UMF 3. In his capacity as a psychiatrist, Defendant sees patients and prescribes medication. UMF 5.

On June 23, 2013, Plaintiff reported to Defendant an anger problem, feelings of hopelessness, and irritability. UMF 31, 32. Plaintiff also expressed a desire to assault a staff member. At that time, however, Defendant did not believe that Plaintiff would imminently hurt a staff member, or that Plaintiff was a danger to others. UMF 33, 34, 36. Defendant noted that Plaintiff was calm, alert and oriented, able to express himself well, and that Plaintiff's thought processes were logical with no racing thoughts or hallucinations. UMF 35. Defendant did not believe Plaintiff's situation was an emergency, or that Plaintiff was gravely disabled. UMF 37, 38.

During the appointment, Defendant suggested a prescription for Risperdal, a psychotropic medication.  UMF 39.  Defendant informed Plaintiff of the side effects of the medication, including weight gain, increased body temperature, kidney failure, increased cholesterol, tremors, shakes, abnormal movements, upset stomach, constipation, nausea, and vomiting.  UMF 40.  Defendant also discussed the risks and benefits of Risperdal, alternative medications, and no treatment.  UMF 41.  Plaintiff initially signed the consent form for Risperdal, but crossed out his signature upon Defendant's mention of the possibility of forced medication.  UMF 42-44.  Defendant noted on the consent form that Plaintiff had "refused consent after signing."  UMF 46.

Defendant testified in his deposition that, after Plaintiff scratched out his name, Defendant told Plaintiff he was "prescribing him the medication…and providing access to the medication so [Plaintiff] can take it if he wants to."  Tinwalla Dep. 96:24-97:6.  Defendant testified further: "then after I ordered the prescription, I took the chart to the nurses.  Of course, as common practice, after the order is written, I would take the chart to the nurses' station and let them know that I'm starting so and so on a medication.  So

the nurses are aware to take that order down, sign off on it and fax the prescription to the pharmacy." Id. 139:4-12.  Defendant did not follow the procedure outlined in the Illinois Administrative Code related to the forced administration of psychotropic medications prior to prescribing the medication.

   Plaintiff took Risperdal daily with his other prescribed medications for approximately the next six (6) weeks.  UMF 49-52, 64.  Plaintiff testified that he did not know he was taking Risperdal until he received a notice of such on August 4, 2013.  Pl.'s Dep. 28:4-6.  Upon Plaintiff's inquiry, the nurse distributing the medications replied that she was not aware that Plaintiff was taking Risperdal.  Id. 28:8-9.  However, she was able to immediately confirm the prescription.  Id.  28:9-12 ("I gave her the papers.  She went back there, and she said yes, you have been on Risperdal since June the 23rd, 2013.").  Thereafter, nurses removed the Risperdal from Plaintiff's daily medications upon Plaintiff's request.  Id. 28:13-16 ("I was like every time I go to med line[,] I am like which one of them—take that Risperdal out, and the nurse would take it out.").

## ANALYSIS

"[T]he Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." Washington v. Harper, 494 U.S. 210, 227 (1990). Factual disputes remain regarding whether Plaintiff knew he was taking Risperdal during the relevant time period.

Plaintiff argues that he withdrew consent by scratching his signature out on the written consent form and then never took steps thereafter to reinstate it. On the contrary, Defendant testified that he told Plaintiff that he was going to prescribe the medication to give Plaintiff access to it. Janet Anderson, the nurse who processed the prescription in question, testified that it was her common practice to inform residents of a new prescription if she was the one who processed it. Anderson Dep. 139:9-140:16. If believed by the trier of fact, this testimony supports the conclusion that Plaintiff knew that he was prescribed Risperdal and took the medication anyway. If so, the administration of medication was not against Plaintiff's will and does not raise constitutional concerns.

The same holds true for Plaintiff's medical battery claim as Illinois law requires Plaintiff to show Defendant "committed an intentional, *unconsented-to* act resulting in an offensive contact with the plaintiff's body." Johnson, 855 F.3d at 751 (citing Sekerez v. Rush University Medical Center, 954 N.E.2d 383, 394 (Ill. 2011)) (emphasis added).

The Seventh Circuit in this case also found that a reasonable jury could "conclude that [Defendant] had been deliberately indifferent to the plaintiff's right to refuse Risperdal." Id. at 750. The basis for Defendant's conclusion that Plaintiff would benefit from Risperdal is not at issue, as the Seventh Circuit assumed that Plaintiff's complaints and medical history justified the prescription. Johnson, 855 F.3d at 749 ("[W]e can assume that these complaints and the medical history justified the prescription."). The relevant question is whether Defendant acted with deliberate indifference in prescribing the medication while knowing a substantial risk existed that Plaintiff would unknowingly consume the medication.

An official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the

inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). An official's subjective awareness of a risk "is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that [an] official knew of a substantial risk from the very fact that the risk was obvious." Id. at 842. "[S]tate of mind is an inquiry that ordinarily cannot be concluded on summary judgment." Conley v. Birch, 796 F.3d 742, 747 (7th Cir. 2015).

Here, the parties agree that Defendant informed Plaintiff of the risks and benefits of taking Risperdal, along with alternative treatment options involving different medications or no medications at all. Defendant testified that he told Plaintiff he was going to prescribe Risperdal to Plaintiff after Plaintiff scratched out his signature, and he took the prescription to the nurses to carry out this order. The nurse who processed the order testified that she would have told any resident about new medications of which she was aware, and a reasonable inference exists from Plaintiff's testimony that the nurses dispensing the medication could have identified, and removed, the pills in Plaintiff's medication cup upon

request. On these facts, the Court finds that a reasonable juror could conclude that Defendant did not act with deliberate indifference.

Finally, Defendant, as a private contractor, is not entitled to qualified immunity. Estate of Clark v. Walker, 865 F.3d 544, 550 (7th Cir. 2017). Plaintiff's motion for summary judgment is therefore denied.

## **PLAINTIFF'S OTHER MOTIONS**

Plaintiff's Motions in Limine (Docs. 141, 144, 146) are denied with leave to renew for the reasons stated on the record during the final pretrial conference held November 6, 2017. Plaintiff's Motion in Limine (Doc. 143) is granted.

The Court reserves ruling on the remainder of Plaintiff's pending motions in limine. (Docs. 136, 142, 145). Defendant shall file any responses to these motions by November 8, 2017. Plaintiff is granted leave to file any reply by November 13, 2017.

Plaintiff's unopposed Motion for Leave to File Certain Documents Under Seal (Doc. 148) is granted.

Plaintiff's Motion to Strike Exhibit List (Doc. 162) is granted. The Court will strike docket entry no. 156 and substitute the exhibit list attached to Plaintiff's motion.

## **PLAINTIFF'S REQUEST FOR REIMBURSEMENT OF COSTS AND FEES REGARDING THE SETTLEMENT CONFERENCE**

Defendant moved to cancel the settlement conference in a motion filed one week before the settlement conference was scheduled to occur, and one day after the deadline to submit settlement statements.  See (Doc. 115).  The motion was granted.  (Doc. 119).  Plaintiff, in responding to Defendant's motion to cancel, moved the Court for an order directing Defendant to reimburse nonrefundable travel costs and attorney fees incurred before Defendant filed the motion.  (Doc. 117).  Defense counsel was ordered to show cause why an order to that effect should not enter.

Defense counsel responded that he "had approximately 48 hours between completing Defendant's deposition and the settlement statement's due date to report to and confer with those who would be making the ultimate decision on any settlement." (Doc. 125 at 3).  Defense counsel stated further that he had "virtually no time to update the carrier and company on

Defendant's deposition, to discuss the case, given all the depositions that occurred over the previous several weeks, and to make a reasoned recommendation," especially given that he had recently taken over the file from another attorney at his firm. Id. According to email correspondence, Defendant Tinwalla's deposition was scheduled on a date initially suggested by Plaintiff's counsel. Defendant's present counsel was not included in the emails where scheduling the depositions or the settlement conference was discussed.

Plaintiff's counsel, in his request for reimbursement of costs and attorney fees, did not identify the specific statute, rule, or other legal authority upon which his request was based. See (Doc. 117). The Court, however, has inherent authority to impose sanctions for civil contempt. Jones v. Lincoln Elec. Co., 188 F.3d 709, 738 (7th Cir. 1999). Remedial sanctions "seek to compensate an aggrieved party for losses sustained as a result of the contemnor's disobedience of a court's order or decree made for the aggrieved party's benefit," but "any sanction imposed by the court must be predicated on a violation of an explicit court order." Id.

The Court referred this case to the magistrate judge for purposes of a settlement conference. See Text Order entered June 1, 2017. The parties were directed to inform the magistrate judge of their availability for such a conference within 30 days of that order. Id. The parties do not assert any failure to comply with this Order.

The magistrate judge later ordered a settlement conference pursuant to Local Rule 16.1(B). Text Order entered July 3, 2017. The parties were further ordered to "submit a statement describing prior negotiations, including demands, offers, and counter-offers that have been made and rejected and identify any particular circumstances which may have impeded settlement efforts" prior to the close of business on August 31, 2017. Id. Defendant admittedly did not comply with this Order. Instead, he informed the magistrate judge and opposing counsel via email of his intention to move to cancel the settlement conference. (Doc. 119-1 at 1).

Counsel for both parties was actively engaged in the discovery scheduling process. The email correspondence provided to the Court shows that counsel for each party agreed that Defendant Tinwalla's deposition should occur "after document and third-party discovery is substantially complete." (Doc. 132-1 at 6-7) (email

from Plaintiff's counsel dated June 14, 2017). Defense counsel later agreed to one of the potential deposition dates proposed by Plaintiff, and, although Plaintiff's counsel later attempted to reschedule, defense counsel stated they were flexible in moving any proposed date for a settlement conference. Id. at 3-5.

The parties had a 60-day window from the conclusion of Defendant Tinwalla's deposition until the final pretrial conference scheduled for November 6, 2017 to participate in a settlement conference, and the Court's prior order made clear that the parties were to confer amongst themselves to determine acceptable dates for same. The record does not disclose why the parties sought to discuss settlement so close to the conclusion of discovery, but it appears the agreement to do so had unintended consequences for both sides.

Given the timing of the events described above, it appears that defense counsel was unable to give his client an accurate assessment of the status of the case in the short time between the conclusion of Defendant's deposition and the due date for settlement statements. Therefore, it appears defense counsel could not obtain the final settlement authority necessary for a productive

settlement conference. As the magistrate judge noted in his order to show cause, a settlement conference held under those circumstances would have been futile.

The only explicit court order defense counsel appears to have violated is the magistrate judge's order to submit settlement statements by August 31, 2017. Admittedly, defense counsel failed to do so, but he took steps to notify the Court and opposing counsel of his intention to move to cancel the hearing within that deadline and less than 48 hours after the conclusion of Defendant Tinwalla's deposition. Accordingly, the Court does not find that sanctions are appropriate. Plaintiff's request for reimbursement of costs and attorney fees as a sanction is denied.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion to Correct His Reply [138] is GRANTED. Plaintiff's Reply [137] is struck. Clerk is directed to docket the reply attached to Plaintiff's motion [138].**

2) **Plaintiff's Motion for Partial Summary Judgment [127] is DENIED.**

3) **Plaintiff's Motions in Limine [141][144][146] are DENIED with leave to renew. Plaintiff's Motion in Limine [143] is GRANTED.**

4) **Plaintiff's Motion to Strike Exhibit List [162] is GRANTED. The exhibit list [156] previously filed is struck. Clerk is**

**directed to docket the exhibit list attached to Plaintiff's motion.**

**5) Plaintiff's Motion for Leave to File Certain Exhibits Under Seal [148] is GRANTED.**

**6) Defendant shall file any responses to the motions in limine [136][142][145] the Court took under advisement by November 9, 2017. Plaintiff is granted leave to file any reply by November 13, 2017.**

**7) Plaintiff's request for sanctions directing Defendant to reimburse travel costs and attorney fees is denied.**

ENTERED: November 8, 2017.

FOR THE COURT:

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE