UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| TERRY C. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v | ) 13-3227 |
| | ) |
| ABDI TINWALLA, *et al.* | ) |
| | ) |
| Defendants. | ) |

## ORDER

Matter comes before the Court for ruling on Plaintiff's outstanding Motions in Limine, Plaintiff's Motion to Strike Expert Disclosures and Exclude Expert Testimony from Trial, and Defendant's Motion for Leave to File Surreply (Docs. 136, 142, 145, 177, 180).  District courts "have broad discretion in ruling on evidentiary questions during trial or before on motions in limine." Jenkins v. Chrysler Motors Corp., 316 F.3d 663, 664 (7th Cir. 2002).  A motion in limine should not be granted unless it appears that the evidence is "clearly inadmissible on all possible grounds." Casares v. Bernal, 790 F. Supp. 2d 769, 775 (N.D. Ill. 2011).  A pretrial denial of a motion in limine, however, does not mean the

evidence will automatically be admitted—a court may revisit evidentiary rulings during trial as appropriate.  Id.

### DEFENDANT'S MOTION FOR LEAVE TO FILE SURREPLY (DOC. 180)

Defendant's unopposed motion for leave to file surreply is granted.  The Court will consider the arguments made therein in ruling on Plaintiff's Motion in Limine to Exclude Use of Johnson v. Saddler as impeachment.

### PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE HIS MENTAL HEALTH RECORDS (DOC. 142)

Plaintiff filed a Motion in Limine seeking "an order barring [Plaintiff's] mental health records in their entirety."  (Doc. 142 at 4). Plaintiff argues that his mental health records are not relevant, and, even if they were, they are not admissible under Rule 403 of the Federal Rules of Evidence because they are unfairly prejudicial. Plaintiff also argues that the records contain inadmissible hearsay. Plaintiff appears to use the terms "mental health records" and "medical records" interchangeably.

Defendant does not seek to admit the mental health records for publication to the jury.  Instead, Defendant seeks only to elicit testimony regarding the information from those records that he

considered when taking the actions at issue.  According to Defendant's deposition testimony, Defendant reviewed Plaintiff's entry to treatment evaluation, past psychiatric evaluations, the actions underlying Plaintiff's criminal and IDOC disciplinary history, and Plaintiff's self-reported aggression.  Defendant considered these factors in "totality" as part of Plaintiff's "longitudinal history of symptomatology" when he prescribed Risperdal.  Tinwalla Dep. pp. 68-89.

Plaintiff argues that testimony pertaining to why Defendant prescribed the medication is not relevant because the relevant issue is whether Defendant acted with deliberate indifference towards Plaintiff's right to refuse the medication.  Even so, the Seventh Circuit specifically identified information contained in Plaintiff's medical records as a factor that the jury could consider in determining whether Defendant possessed the requisite state of mind to impose constitutional liability.  See Johnson v. Tinwalla, 855 F.3d 747, 750 (7th Cir. 2017) ("[A jury] could infer that…at the time he wrote the prescription [Defendant] had recently reviewed the plaintiff's medical records, so he must have known that the plaintiff also received several other pills three times a day.").

In addition, certain information contained within the records could be admissible for non-hearsay purposes, or otherwise admissible under an exception to the hearsay rule. U.S. v. Leonard-Allen, 739 F.3d 948, 954 (7th Cir. 2013) (statement offered "for the purpose of explaining what the witness was thinking at the time or what motivated him to do something" is not hearsay) (collecting cases); Fed. R. Evid. 803(4) (hearsay exception for statements made for medical diagnosis or treatment).  For these reasons, the Court finds that a blanket exclusion of all medical/mental health treatment records is not appropriate.

In the alternative, Plaintiff requests an order allowing Defendant "to testify as to treating [Plaintiff's] anger and irritability and [his] Axis I diagnoses but without specifying what those are." (Doc. 172 at 4).  The Court indicated an inclination to enter such an order at the final pretrial conference.  Hr'g. Tr. 24:10-13.  Therefore, Plaintiff's motion is granted to the extent that it seeks to limit Defendant's testimony in this fashion.

The parties also raised an issue regarding Defendant's potential testimony about Plaintiff's "history of the underlying acts of aggression and violence that he was attempting to treat…"  Id.

24:18-19. At this point, the Court does not know what those underlying acts are, and the portion of the Defendant's deposition referenced by the parties does not disclose them. Accordingly, any request to limit this testimony at this time is denied with leave to renew in the context of trial.

### PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE USE OF JOHNSON V. SADDLER FOR IMPEACHMENT (DOC. 145)

Plaintiff seeks to exclude any evidence of an order this Court entered in Johnson v. Saddler, No. 10-CV-3279 (C.D. Ill., filed Oct. 26, 2010). Plaintiff argues that the evidence is overly prejudicial under Rule 403 of the Federal Rules of Evidence, and that it constitutes improper judicial testimony under Rule 605. In Saddler, this Court sanctioned Plaintiff after finding that Plaintiff had made an "intentional false allegation in his amended complaint." Saddler, No. 10-CV-3279, Text Order entered Oct. 8, 2013. Defendant intends to cross examine Plaintiff regarding the contents of this order.

Rule 608(b) of the Federal Rules of Evidence prohibits extrinsic evidence "to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness," but a

district court "may, on cross-examination, allow [the specific instances of conduct] to be inquired into if they are probative of the character for truthfulness or untruthfulness of…the witness." See Fed. R. Evid. 608(b). The rule "only prohibits the use of extrinsic evidence, not lines of questioning." United States v. Holt, 486 F.3d 997, 1002 (7th Cir. 2007). The rule further "does not mandate the prohibition of questions regarding the punishment imposed on a witness for a given course of conduct, nor does it preclude cross-examination about a third party's opinion of [a witness's] credibility" United States v. Dvorkin, 799 F.3d 867, 883 (7th Cir. 2015) (citations omitted) (bracketed material in original). The questions, however, may be "subject to exclusion on other grounds, such as hearsay or Rule 403." Id.

Neither party argues that the order itself should be admitted—it would be extrinsic evidence. Inquiry into the matter on cross examination is not precluded under prevailing Seventh Circuit precedent. Plaintiff argues that the evidence should be excluded under Rule 403. His argument is two-fold: (1) first, that "[t]he use of prior judicial opinions about [Plaintiff] would unfairly cause the jury to defer to those opinions, rather than decide the issues in this

case for themselves," and (2) that "[u]se of the [order]…would be doubly prejudicial because they came from the same Court that is presiding over this case." (Doc. 145 at 3).

Defendant stated at the final pretrial conference that he was amenable to omitting both the fact that this Court issued the order and that it arose from a lawsuit filed in this district. Hr'g. Tr. 27:20-21 ("I don't have a problem not mentioning that it was this Court."); 28:7-9 ("[Plaintiff] was found to have not told the truth to a court in the Central District, or, you know, we can just say a federal court."). This concession eliminates the risk Plaintiff identifies in his latter argument.

As to the former, the <u>Saddler</u> order does not involve any facts directly at issue in this case, and any deference a jury may give the order bears solely on the issue of Plaintiff's character for untruthfulness. Plaintiff would remain free to rehabilitate his own credibility on redirect examination, or otherwise argue to the jury that the <u>Saddler</u> order should not be given any weight in evaluating Plaintiff's testimony in this case.

Next, Plaintiff argues that the order constitutes impermissible judicial testimony. Under the Federal Rules of Evidence, "[t]he

presiding judge may not testify as a witness at the trial." Fed. R. Evid. 605.  As the Seventh Circuit explained:

> "Although a district court judge may facilitate the jury's understanding of the case by questioning the witnesses and explaining, summarizing, and commenting on the evidence…it is improper for the judge to add to the evidence by assuming the role of a witness.  Where a trial judge's comments are based upon his own personal knowledge of matters external to the trial, those comments may constitute impermissible judicial testimony."

United States v. Blanchard, 542 F.3d 1133, 1148 (7th Cir. 2008) (internal citations omitted).  A trial judge may not distort the evidence, add to it, or comment directly on the ultimate factual issue to be decided by the jury.  United States v. Nickl, 427 F.3d 1286, 1293 (7th Cir. 2005).

    The Saddler case was a separate lawsuit that involved different claims, defendants, and facts.  The order in question does not render any opinion regarding statements Plaintiff has made in this case, nor does it offer an opinion on the facts at issue here.  In addition, as discussed above, the jury will not know that this Court entered the Saddler order.

    Accordingly, Plaintiff has failed to show that exclusion of the Saddler order is appropriate at this time under Rules 403 and 605.

Plaintiff's motion is granted insofar as it seeks to exclude evidence that this Court entered the <u>Saddler</u> order and that the order was entered in a case litigated in the Central District of Illinois. Any other relief sought is denied.

### PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF THIRD PARTIES' PURPORTED NOTIFICATIONS (DOC. 136)

Plaintiff seeks to exclude (1) Janet Anderson's "habit" testimony regarding whether she would have notified Plaintiff of the Risperdal prescription, and (2) Defendant's testimony regarding what third parties may have told Plaintiff. The Court heard argument as to the matter at the Final Pretrial Conference held November 6, 2017. The argument was limited to the first request.

Rule 406 of the Federal Rules of Evidence provides: "Evidence of a person's habit…may be admitted to prove that on a particular occasion the person…acted in accordance with the habit. Fed. R. Evid. 406. "Before a court may admit evidence of habit, the offering party must establish the degree of specificity and frequency of uniform response that ensures more than a mere tendency to act in a given manner, but rather, conduct that is semi-automatic in

nature." Nelson v. City of Chicago, 810 F.3d 1061, 1073 (7th Cir. 2016) (citations omitted).

The Court cannot say that Defendant would not be able to make this showing. Ms. Anderson testified that she was "highly likely" to inform a resident of a new medication if she was the nurse who had processed the new prescription and she was also the one who distributed it. The Court assumes the medical records reflect these facts. The Court does not know what "highly likely" means in this context, but, at this point, the Court finds that exclusion of this evidence is not appropriate at this time.

As to latter evidence, Defendant concedes that he would not be able to testify as to the content of conversations that occurred outside his presence. Instead, Defendant argues that he should be able to testify regarding his state of mind at the time he prescribed the medication to Plaintiff.

Under the applicable "deliberate indifference" standard, Defendant's state of mind at the time is relevant in determining whether his actions violated the Constitution. Per his response to Plaintiff's motion, Defendant appears inclined to offer testimony regarding his knowledge of the "nursing process" and "nursing

education." If this process included a mechanism through which TDF residents would be notified of new medications, and Defendant was aware of the protocols in place, then such evidence could be relevant to show that he did not consciously disregard Plaintiff's right to refuse the medication.

Accordingly, Plaintiff's motion is denied with leave to renew in the context of trial.

## PLAINTIFF'S MOTION TO STRIKE DR. TINWALLA'S UNTIMELY EXPERT DISCLOSURES AND TO EXCLUDE EXPERT TESTIMONY AT TRIAL (DOC. 177)

Plaintiff seeks to strike Defendant's expert disclosures and exclude all expert testimony except for "two narrow opinions that involve [Defendant's] treatment of Mr. Johnson and which were disclosed in [Defendant's] deposition: (1) the professional medical standards regarding informed consent; and (2) [Defendant's] knowledge as of 2013 of the side effects of Risperdal." Plaintiff argues that the expert disclosures were not timely, that the testimony is not helpful to the trier of fact, that the testimony is unreliable, and that Defendant failed to provide the required expert reports.

As an initial matter, Defendant's disclosures were not untimely. In the Text Order entered October 13, 2017, the Court extended Defendant's deadline to disclose experts generally to November 6, 2017. Defendant later filed his expert disclosures on that date. If, as Plaintiff's motion now suggests, the Court misinterpreted the motion addressed in the text order granting additional time, Plaintiff did not notify the Court of this purported mistake or otherwise seek clarification of that order. The Court's October 13, 2017 Text Order was consistent with the other orders the Court has entered regarding the timing and sequence of the party's respective expert disclosures. Compare Text Order entered June 1, 2017 ("Plaintiff shall disclose experts by September 15, 2017; and, Defendant's expert disclosures are due October 16, 2017."); see also Fed. R. Civ. P. 26(a)(2)(D) ("A party must make [expert] disclosures at the times and in the sequence that the court orders.").

Plaintiff argues next that the reasons why Defendant wanted to prescribe Risperdal are not helpful to the trier of fact. As discussed above, Defendant's state of mind is directly at issue in this case. Defendant's reasons for treating Plaintiff, including his

knowledge of Plaintiff's mental health/medical history, the protocols in place at the facility regarding the distribution of medication, and how he was trained with respect to the relationship between the Illinois Administrative Code and his treatment of patients could be relevant in determining whether Defendant acted with deliberate indifference. Thus, the Court cannot say that exclusion of this testimony in limine is appropriate at this time.

As to Dr. Bednarz's testimony, the excerpts of his deposition testimony that Plaintiff provided does not include all the testimony Plaintiff seeks to have excluded. Without it, the Court cannot evaluate whether the testimony is unreliable or otherwise inadmissible. As to the Rushville TDF policies, Dr. Bednarz testified that he drafted the healthcare policies and that he would typically discuss procedures with psychiatrists at the start of their employment at the facility. Bednarz Dep. 36:19-21. If such a conversation occurred between Defendant and Dr. Bednarz, then the content of that conversation could have some relevance to Defendant's state of mind at the time he wrote Plaintiff's Risperdal prescription.

Finally, Plaintiff seeks exclusion of the expert testimony on the grounds that Defendant did not provide written reports under Rule 26(a)(2)(B). Rule 37(c)(1) provides that if a party fails to provide information required under Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

"The expert discovery rules are designed to aid the court in its fact-finding mission by allowing both sides to prepare their cases adequately and efficiently and to prevent the tactic of surprise from affecting the outcome of th[e] case." Sherrod v. Lingle, 223 F.3d 605, 613 (7th Cir. 2000). In Sherrod, the Seventh Circuit found that a late disclosure of experts was harmless because (1) both parties were partially responsible for the late disclosure; (2) the parties were made aware of the relevant expert testimony long before trial; and (3) there was no surprise, and the parties still had adequate time to prepare for trial. Id.

Here, Defendant disclosed himself and Dr. Bednarz as experts within the deadline set by the Court and any prejudice Plaintiff may have suffered as a result of the timing of this disclosure was

alleviated when the trial date was later continued for approximately 90 days. In addition, for reasons not explained to the Court, Dr. Bednarz was not deposed until October 18, 2017 (Doc. 178-1 at 2), two days after the original defense expert disclosure deadline. Nothing indicates that Defendant knew Plaintiff would inquire about the side effects of Risperdal at the deposition, given that Dr. Bednarz was, according to Defendant, disclosed as a fact witness as it pertained to Rushville policies and the Illinois Administrative Code.

 Defendant's expert disclosures state that any opinions offered by these witnesses will be limited to those opinions expressed during the respective depositions. (Doc. 178-2 at 2-5). Defendant also stated this intention during the Final Pretrial Conference. Hr'g. Tr. 43:8-9 ("Neither of [the expert witnesses] is going to testify to anything outside their deposition."); 43:13-14 ("So, if [the Court wants] to limit us to what's in the deposition, that's fine."). Thus, it does not appear that Plaintiff will be surprised by any testimony offered at trial.

 On this record, the Court finds that Defendant's failure to tender expert reports is harmless. See McCloud v. Goodyear

Dunlop Tires North America, Ltd., 2007 WL 2584250, at *2 (C.D. Ill., Aug. 21, 2007) (finding that designation of witness as expert after the witness had been deposed was harmless because the opposing party elicited the expert testimony at the deposition, the parties were aware of the testimony long before the trial date, and that the proponent of the expert testimony disclosed his intent to use it as such well before the trial began). Accordingly, Plaintiff's motion is granted to the extent that it seeks to bar expert testimony not testified to in the witnesses' respective depositions, and denied as to any other relief requested.

**IT IS THEREFORE ORDERED:**

1) **Defendant's Motion for Leave to File Surreply [180] is GRANTED. Clerk is directed to docket the surreply attached to Defendant's motion.**

2) **Plaintiff's Motion to Exclude His Mental Health Records [142] is GRANTED in part and DENIED in part. Defendant may testify as to treating Plaintiff's anger and irritability and his Axis I diagnosis, but he may not specify the underlying conditions. The motion is denied with leave to renew in the context of trial as to any other relief requested.**

3) **Plaintiff's Motion in Limine to Exclude Use of Johnson v. Saddler for Impeachment [145] is GRANTED insofar as it seeks to exclude evidence that this Court entered the Saddler order and that the order was entered in a case**

**litigated in the Central District of Illinois. Any other relief sought is DENIED.**

**4) Plaintiff's Motion in Limine to Exclude Evidence of Third Parties' Purported Notifications [136] is DENIED with leave to renew in the context of trial.**

**5) Plaintiff's Motion to Strike Dr. Tinwalla's Untimely Expert Disclosures and to Exclude Expert Testimony at Trial [177] is GRANTED to the extent that it seeks to bar expert testimony not testified to in the witnesses' respective depositions, and DENIED as to any other relief requested.**

ENTERED:     January 19, 2018.

FOR THE COURT:

*s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE